# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JULIUS KORNHAUSER, | : | |
| Plaintiff, | : | Civ. No. 19-14569 (RBK) |
| v. | : | |
| DAVID E. ORTIZ, et al., | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Complaint raising claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). For the reasons stated below, the Court will dismiss the Complaint with prejudice.

## I. BACKGROUND

As Plaintiff is intimately familiar with the facts of this case, and because the Court has already set forth the background of this matter in an earlier Opinion in one of Plaintiff's other cases,[1] (Civ. No. 19-397, ECF Nos. 5–6), the Court will only set forth the background necessary to address the instant motion. Plaintiff names the following as Defendants in this matter: (1) David E. Ortiz; (2) Dr. Jamie Rodriguez; (3) Dr. Stacie Marantz; (4) Carmen Latella; and (5) Sharon T. Kotch.

The Court will construe the factual allegations in the Complaint as true for the purpose of this Opinion. Plaintiff states that he was attempting to complete the Residential Drug Abuse Program ("RDAP") at the prison. The Federal Bureau of Prisons ("BOP") administers the RDAP

---

[1] In that case, Plaintiff had attempted to set forth factually identical claims, but in habeas petition.

as an intensive treatment program to reduce the risk of relapse for participants. If a prisoner successfully completes the program, the BOP *may*, in its discretion, reduce a prisoner's sentence by up to one year. *See* 18 U.S.C. § 3621(e)(2); *Anderson v. Schultz*, No. 09-4683, 2010 WL 5017352, at *2 (D.N.J. Nov. 23, 2010).

Plaintiff had attempted to complete the program on two separate occasions, but officials expelled him for violating confidentiality rules and for possession of another inmate's legal documents, respectively. He then applied for re-admission into the RDAP. Plaintiff contends that Defendant Latella commented to other inmates that "Mr. Kornhauser won't be coming back to the program, under any circumstances ever." (ECF No. 1, at 4). Plaintiff maintains that he was successfully completing the RDAP's requirements and that Defendants' decisions to expel or deny his reentry were arbitrary. Alternatively, Plaintiff maintains that Defendants conspired, and made those decisions, in order to retaliate against Plaintiff for assisting other inmates with their legal work.

In July of 2019, Plaintiff filed the instant Complaint requesting that the Court order his re-entry into the RDAP as well as millions of dollars in damages. Plaintiff contends that Defendants have subjected him to cruel and unusual punishment under the Eighth Amendment. Additionally, broadly construing the Complaint, Plaintiff may be asserting Fifth Amendment due process claims and First Amendment retaliation claims.

## II. STANDARD OF REVIEW

### A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity" and in actions where a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B). District

courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## B. *Bivens* Actions

Section 1983 of Title 42 created a remedy for monetary damages when a person acting under color of state law injures another, but "Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

The Supreme Court created an implied cause of action in *Bivens* when federal officers violated a person's Fourth Amendment rights. *Bivens*, 403 U.S. at 397. The Court extended the *Bivens* remedy twice more in: *Davis v. Passman*, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim), and *Carlson v. Green*, 446 U.S. 14 (1980) (holding that prisoner's estate had a *Bivens* remedy against federal jailers for failure to treat his asthma under the Eighth Amendment). "These three cases—*Bivens, Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that a person acting under color of federal law caused the deprivation. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006). In the present case, because the Complaint otherwise fails to state a claim, the Court need not address whether a plaintiff may pursue Eighth Amendment conditions of confinement claims, First Amendment retaliation claims, or Fifth Amendment due process claims under *Bivens*, in light of *Ziglar*.

### III. DISCUSSION

**A. Eighth Amendment Claims**

Plaintiff first contends that his expulsion from the RDAP and the denial of his reentry thereto, constitutes cruel and unusual punishment under the Eighth Amendment.

Generally, the Third Circuit has held that prison conditions "may rise to the level of an Eighth Amendment violation where the prison official deprived the prisoner of the minimal civilized measure of life's necessities and acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health." *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (internal quotation marks omitted) (alteration in original). Life's necessities include "essential food, clothing, shelter, sanitation, medical care, and personal safety." *See, e.g.*, *Farrell v. Ortiz*, No. 17-13585, 2018 WL 1871458, at *4 (D.N.J. Apr. 19, 2018). Additionally, the Eighth Amendment protects inmates from the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 320 (1986).

Plainly, Plaintiff's expulsion from the RDAP, and inability to reenter the program, do not impact the Eighth Amendment protections listed above. *See, e.g.*, *Mann v. Tabeling*, No. 14-12762, 2015 WL 71848, at *3 (E.D. Mich. Jan. 6, 2015); *Amirnazmi v. Scism*, No. 11-273, 2011 WL 5854579, at *3 (M.D. Pa. Nov. 21, 2011); *Woodard v. Compton*, 531 F. Supp. 2d 1228, 1233 (C.D. Cal. 2008); *Gonzalez v. U.S*, No. 08-4102, 2008 WL 4190989, at *1 (D.S.D. Sept. 5, 2008). Accordingly, the Court will deny with prejudice Plaintiff's Eighth Amendment claims.

**B. Fifth Amendment Claims**

Next, the Court will construe the Petition as raising a Fifth Amendment due process claim, for the loss of Plaintiff's potential discretionary sentence reduction under the RDAP. Under that program, after "an inmate completes RDAP, the BOP has *discretion* to reduce what remains of his sentence by as much as one year." *Scott v. FCI Fairton*, 407 F. App'x 612, 615 (3d Cir. 2011) (per curiam) (emphasis added) (citing 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55). Stated differently, even if Plaintiff successfully completed the program to perfection, the statute "still

affords the Bureau complete discretion to require [Plaintiff] to serve his full sentence." *Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005).

To the extent Plaintiff contends that Defendants' decisions violated his due process rights, Plaintiff does not have a liberty interest in a reduction of his sentence under 18 U.S.C. § 3621(e). *See, e.g.*, *Jerome v. Grondolsky*, No. 09-2301, 2010 WL 624874, at *6 (D.N.J. Feb. 18, 2010) (citing *Magnin v. Beeler*, 110 F. Supp. 2d 338, 340 n. 2 (D.N.J. 2000)). Section 3621(e) does not create a liberty interest because the determination of whether to release a particular inmate is within the *discretion* of the BOP and does not speak in mandatory terms. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons."); *see also Lopez v. Davis,* 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); *Douvos v. Quintana,* 382 F. App'x. 119, 122 (3d Cir. 2009).

Nor does the Due Process Clause itself create a liberty interest in early release under § 3621(e) because requiring Plaintiff to serve the remainder of his original sentence "is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." *Becerra v. Miner*, 248 F. App'x 368, 370 (3d Cir. 2007) (internal quotation marks omitted). Accordingly, the Court will deny with prejudice Plaintiff's Fifth Amendment due process claims with respect to the RDAP.

### C. First Amendment Claims

Finally, Plaintiff contends that the "primordial issue" regarding his expulsion from the RDAP is that Defendants were retaliating against him for helping other inmates with legal work. (ECF No. 1, at 7). The Court construes this argument as a First Amendment retaliation claim.

Generally, a "prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks omitted) (citations omitted).

In this case, Plaintiff complains that Defendants retaliated against him for his frequent legal assistance to fellow prisoners. "The problem with this claim is that prisoners do not possess a First Amendment right to provide legal assistance to fellow inmates." *Toolasprashad v. Williams*, No. 07-5860 , 2009 WL 1228430, at *5 (D.N.J. Apr. 28, 2009) (citing *Shaw v. Murphy*, 532 U.S. 223, 225 (2001)); *Prisoner's Legal Ass'n v. Roberson*, No. 91-04460, 1997 WL 998592, at *4 (D.N.J. Nov. 19, 1997) ("a prisoner has no protected interest in providing legal representation to other inmates.").

Stated differently, even assuming that the prison's rules *allow* inmates to assist one another with legal work, the Constitution does not *protect* such conduct. As a result, Plaintiff's allegations fail to state a claim for retaliation because "his provision of legal assistance to [other inmates] was not constitutionally protected conduct." *See, e.g.*, *Thompson v. Warren*, No. 13-4334, 2016 WL 7217207, at *3 (D.N.J. Dec. 12, 2016). Consequently, the Court will dismiss with prejudice Plaintiff's First Amendment retaliation claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint with prejudice. An appropriate Order follows.


Dated: April  8 , 2020                     s/Robert B. Kugler
                                           ROBERT B. KUGLER
                                           United States District Judge